UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAN HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-389-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALLSTATE PROPERTY & CASUALTY | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is currently pending for consideration of Defendant Allstate Property & Casualty Insurance Company's ("Allstate") motion to bifurcate the Plaintiff's contract and tort claims and to stay discovery on the tort claims pending resolution of the contract claims. Having reviewed the authorities cited by the parties, the Court concludes that bifurcation is appropriate and discovery on the Plaintiff's tort claims should be stayed. Therefore, Allstate's motion will be granted.

**A.   RELEVANT FACTS**

This case involves a fire that destroyed Plaintiff Dan Hoskins' ("Hoskins") real and personal property. Hoskins insured this property with Allstate through a policy of insurance issued June 10, 2006. The property was completely destroyed on or about July 13, 2006. Hoskins claims that he provided Allstate with notice of the loss according to the terms of the insurance contract. However, he asserts that Allstate acted in bad faith by failing to pay the

claim promptly and by acting adversely to him during its investigation.[1] As a result, he filed suit approximately six weeks after the fire.

Hoskins' Complaint includes a claim under the insurance policy for damage to his dwelling in the amount of $137,432.00 and for loss and damage to personal property in the amount of $82,460.00. In addition, he contends that Allstate actions constitute bad faith and violate the Consumer Protection Act of Kentucky as well as the Unfair Settlement Practices Act of Kentucky. In paragraph X of his Complaint, Hoskins asserts that Allstate's conduct "has been extreme and outrageous and has caused [him] to suffer emotional distress, mental anguish, embarrassment and humiliation." Additionally, he claims that this conduct has been "wanton, willful, reckless, or . . . intentional, and he has been subject to unjust hardship with flagrant indifference to [his] rights . . ." As a result, he seeks to recover compensatory and punitive damages of $500,000.00 for these alleged actions. [Record No. 1; Complaint]

Allstate asserts that bifurcation is appropriate under Rule 42(b) and would serve the interests of efficiently resolving the underlying claims while avoiding prejudice. It cites *Whittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), and this Court's opinions in *Smith v. Allstate Ins. Co.*, No. 7: 02-67-DCR, aff'd 403 F.3d 401 (6th Cir. 2005), and *Honican v. Stonebridge Life Ins. Co.*, (Covington Div.) No. 2: 05-73-DLB, 2006 U.S. Dist. LEXIS 70584 (E.D. Ky. Sept. 26, 2006), in support of its position. In addition to bifurcation of the claims, Allstate argues that a stay of discovery is also appropriate and would simplify discovery and prevent

---

[1] It does appear that Allstate has paid some of Hoskins' temporary living expenses pending resolution of the Plaintiff's claim.

inevitable disputes concerning matters that may be privileged, confidential and irrelevant with respect to the underlying contract claim.

Hoskins opposes the Defendant's motion. He argues that Allstate's actions show "all the salient signs of bad faith." Under the holdings in *Tharpe v. Illinois National Insurance Company*, 199 F.R.D. 213 (W.D. Ky. 2001), *FB Insurance Company v. Jones*, 864 S.W. 2d 926 (Ky. App. 1993), *Knotts v. Zurich Insurance Company*, 197 S.W.3d 512 (Ky. 2006), as well as authorities from other jurisdictions, he asserts that bifurcation is inappropriate and the parties should be allowed to proceed with discovery as to all issues.

### B. ANALYSIS

#### 1. Bifurcation of Claims

Rule 42(b) of the Federal Rules of Civil Procedure provides that:

> Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third- party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

*Id.* The aim and purpose of Rule 42(b) is summarized in Federal Practice and Procedure as follows:

> The provision for separate trails in Rule 42(b) is intended to further convenience, avoid delay and prejudice, and serve the ends of justice. It is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties. The piecemeal trial of separate issues in a single suit or the repetitive trial of the same issue in severed claims is not to be the usual course. Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule.

Wright and Miller, *Federal Practice and Procedure* § 2388 (2d ed. 1995).

This rule affords a trial court the discretion to order a separate trial where such an order will further convenience, avoid prejudice, or promote efficiency. Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue. *See Vichare v. AMBAC Inc.*, 106 F.3d 457 466 (2nd Cir. 1996). Although the decision to bifurcate is within the discretion of the district court, *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553 (6th Cir. 1996), it is the burden of the party seeking bifurcation to present evidence establishing that separate trials are necessary. *See e.g.*,*Buscemi v. Pepsico, Inc.*, 736 F. Supp. 1267, 1271 (S.D.N.Y. 1990); *McCrae v. Pittsburg Corning Corp.*, 97 F.R.D. 490 (D.C. Pa. 1983).[2]

Kentucky law also supports bifurcation under circumstances similar to those presented here. *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993) (holding that it would be an abuse of

---

[2] Several courts have examined bad faith bifurcation issues and upheld separate trials when prejudice may result. *See Pandol Bros. Inc. v. Indemnity Marine Assur. Co. Ltd.*, 1996 WL 498912 (9th Cir.(Cal.)) (unpublished opinion) (upholding district court's bifurcation of coverage issues from bad faith allegations and actual damages); *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554 (5th Cir. 1996), *citing Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 847-48. (Ky. 1986) (stating that a determination of whether the issue of bad faith should be submitted to a jury may be made only at the conclusion of both parts of a bifurcated trial); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Cagle*, 68 F.3d 905 (5th Cir. 1995) (affirming the district court decision to bifurcated the coverage and bad faith issues for presentation to the jury); *Chemstar, Inc. v. Liberty Mut. Ins. Co.*, 1994 WL 650018 (9th Cir.(Cal.)) (unpublished opinion) (holding that district court did not abuse discretion in ordering bifurcation where bifurcation simplified a legally complicated and issue-intensive case and did not separate intertwined issues so as to create confusion and uncertainty); *Employers Ins. of Wausau v. Trotter Towing Corp.*, 841 F.2d 633 (5th Cir. 1988) (affirmed district court's decision to bifurcate the issues of coverage and bad faith even though it precluded all development of the bad faith issue at the district court level); *O'Malley v. U.S. Fidelity and Guar. Co.*, 776 F.2d 494 (5th Cir. 1985) (hold that since a recovery on the bad faith claim would not have been possible unless the plaintiff prevailed on his coverage claim, the district court acted correctly in bifurcating the bad faith issue to avoid prejudice and to expedite the trial). *But see Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 362 (S.D.D.C. 2000) (holding that denial of automobile insurer's motion to bifurcate insured's breach of contract and bad faith claims for trial was not abuse of discretion, absent showing by insurer that insured's access to its claim files prejudiced insurer's case).

discretion to try negligence and bad faith claims together). Relying, in part, on the holding in *Wittmer*, the undersigned in *Smith v. Allstate Ins. Co.*, No. 7: 02-67-DCR, determined that bifurcation was appropriate to simplify issues and prevent possible prejudice which would likely result if the issues were tried together. Unlike the facts presented in *Tharpe*, *supra*, the issues presented here involve circumstances surrounding the fire giving rise to the claim as well as the post-fire conduct of Allstate's employees, agents, adjustors, etc.[3]

In light of the relevant authorities discussed above and the facts outlined by the parties, the Court concludes that fairness and justice will be promoted by bifurcation of the contract and tort issues. The Court also believes that separate trials on the bad faith and breach of contract claims will expedite ultimate resolution of the claims involved in this action. The breach of contract issue will, therefore, be bifurcated from, and tried before, Hoskins' bad faith claims.

### 2. Stay of Discovery Regarding Tort Claims

In addition to the authorities cited above, several other cases are noteworthy regarding bifurcation of discovery. In *Foseco, Inc. v. Consolidated Aluminium Corporation*, 851 F.Supp. 369 (E.D. Mo. 1991), the court granted the defendants' motion for separate trials on the issues of liability and damages and for an order staying discovery regarding damages. In reaching this result, the court concluded that it was logical to delay inquiry into or discovery of those issues until there is a reasonable certainty that they will be necessary. *Id*.

---

[3] Hoskins identifies five primary factual issues that will be the subject of his tort claims. All relate to post-fire conduct. [*See* Record No. 16; Response and Opposing Memorandum, p. 2-3.]

at 371. The Court rejected the plaintiff's argument that discovery on damages was "vital" in order to be informed regarding settlement negotiations and in the interest of judicial economy. *Id.*

In yet another case, *In re Bergeson*, 112 F.R.D. 692, 697 (D.Mont. 1986), the district court held that, "[g]iven the need for complete discovery to be afforded to all parties to the action, the interest of justice would best be served by bifurcating the bad faith claims from the remainder of the case and determining the liability issue first." The court also decided that "[f]ollowing resolution of the underlying policy claim, plaintiff shall have access to the entire claims file for inspection and copying, and the case shall proceed on the issue of National's bad faith." *Id.*

As indicated above, the Court believes that bifurcation of Hoskins' bad faith claims is appropriate. If Allstate prevails on this claim at trial, there will be no basis for the Plaintiff to proceed on the remainder of the case. Likewise, if Allstate is successful, there will be no need to engage in the inevitable battle concerning production of investigatory files. As a result, the Court finds that inquiry into the basis for the bad faith claims should be abated until the necessity for such discovery is certain. Moreover, judicial economy does not dictate that discovery on both these issues proceed simultaneously. Therefore, in order to avoid any prejudice, the Court believes that discovery regarding the Plaintiffs' bad faith claims should be stayed. Those claims will be held in abeyance until the underlying contract issue has been resolved. Upon resolution of the breach of contract claim, the parties, if necessary, will be allowed to pursue discovery on the bad faith claims.

**C.     CONCLUSION**

Having reviewed the claims asserted and the memoranda filed by the parties, the Court concludes that the evidence regarding the claims of bad faith are not so inextricably intertwined with the other claim that they should be tried together. Further, the Court does not believe that judicial economy would be served by allowing discovery of these issues to proceed simultaneously. Moreover, this result is necessary in order to avoid prejudice. Accordingly, it is hereby

**ORDERED** that Defendant Allstate Property & Casualty Insurance Company's motion to bifurcate and to stay discovery is **GRANTED**.

This 2nd day of November, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge